UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| AMANDA JANEIRO,<br>    Plaintiff | :<br>:<br>:     C.A. No.: |
| v. | :<br>: |
| APPLE HEALTH CARE, INC. and<br>THE CLIPPER HOME, INC. d/b/a<br>APPLE REHAB CLIPPER<br>    Defendants | :<br>:<br>:<br>: |

## COMPLAINT

### I. Introduction

This action is brought by the Plaintiff seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, including back pay, as well as compensatory and punitive damages to remedy unlawful discrimination in employment the Plaintiff suffered in violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA"), the Rhode Island Fair Employment Practices Act, R.I.G.L §28-5-1, *et seq.* ("FEPA"), the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.* ("CRPD"), and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.* ("RICRA"), the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.* ("FMLA"), and the Rhode Island Parental and Family Medical Leave Act, R.I.G.L. §28-48-1, *et seq.* ("RIPFMLA").

### II. Parties

1. The Plaintiff, Amanda Janeiro, is a resident of the Town of Pawcatuck, County of New London, State of Connecticut.

2. Defendant Apple Health Care, Inc. ("Apple Health Care") is a Connecticut corporation conducting business within the State of Rhode Island. Defendant Apple Health Care maintains its principal place of business at 21 Waterville Road, Avon, Connecticut 06001.

3. Defendant The Clipper Home, Inc. d/b/a Apple Rehab Center ("Apple Rehab") is a Connecticut corporation conducting business within the State of Rhode Island. Defendant Apple Rehab maintains its principal place of business at 21 Waterville Road, Avon, Connecticut 06001.

### III. Jurisdiction

4. This Court has jurisdiction over the Plaintiff's claims under the ADA pursuant to 42 U.S.C. §12117, jurisdiction over Plaintiff's claims under the FMLA pursuant to 29 U.S.C. §2617, and supplemental jurisdiction over the Plaintiff's claims under the FEPA, the CRPD, the RICRA, and the RIPFMLA pursuant to 28 U.S.C. §1367.

### IV. Venue

5. Venue is proper in this Court insofar as a substantial portion of the events or omissions giving rise to the within claim occurred in Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

### V. Exhaustion of Administrative Remedies

6. On or about April 18, 2019, the Plaintiff timely co-filed a charge of discrimination against Defendant Eagle with the Rhode Island Commission for Human Rights ("RICHR"), RICHR No. 19 EPD 209-50/50, and the United States Equal Employment Opportunity Commission ("EEOC"), EEOC No. 16J-2019-00246.

7. On or about October 20, 2020, more than one hundred twenty (120) days, but less than two (2) years after the charge was co-filed, the Plaintiff requested that the RICHR and the EEOC issue right to sue letters.

8. On or about October 23, 2020, the Plaintiff was issued a notice of right to sue by the RICHR and has timely instituted suit thereon.

9. On or about November 13, 2020, the Plaintiff was issued a notice of right to sue by the EEOC and has timely instituted suit thereon.

10. The RICHR failed to act upon the Plaintiff's charge of discrimination within sixty (60) days of the filing of the charge and thus the Plaintiff's CRPD claim is properly before this Court pursuant to R.I.G.L. §42-87-4(b).

11. There is no requirement under the FMLA, the RICRA, or the RIPFMLA relative to the exhaustion of administrative remedies.

## VI. Material Facts

12. In March, 2015, the Plaintiff was hired by Defendant Apple Rehab as a full-time Certified Nursing Assistant ("CNA") at Defendants' Westerly, Rhode Island location.

13. Throughout her employment, the Plaintiff worked in the State of Rhode Island.

14. During all relevant time periods, the Plaintiff's work performance was satisfactory and met Defendants' legitimate expectations.

15. During all relevant time periods, the Plaintiff suffered from a back injury.

16. During all relevant time periods, Defendant Apple Rehab's employees and/or agents were aware that the Plaintiff suffered from a back injury.

17. During all relevant time periods, employees and/or agents at Defendant Apple Rehab made discriminatory comments towards the Plaintiff regarding her disability(ies) and/or perceived disability(ies).

18. In early 2017, the Plaintiff became a per diem CNA to allow for the care of her autistic child.

19. In July, 2017, in addition to performing her CNA responsibilities, the Plaintiff began assisting with front desk duties while Defendant Apple Rehab's receptionist was absent.

20. In Fall, 2017, the Plaintiff sustained a work-related back injury while transferring a Defendant Apple Rehab resident to a dentist appointment.

21. The Plaintiff immediately reported her injury to her supervisor and sought medical treatment pursuant to Defendant Apple Rehab's policies.

22. Thereafter, the Plaintiff sought treatment with her physician. The Plaintiff's physician placed her on light duty work for a short period of time.

23. As a result, the Plaintiff assisted with front desk duties while the receptionist was on vacation.

24. When the receptionist returned from her vacation, her employment at Defendant Apple Rehab was terminated.

25. For several weeks thereafter, the Plaintiff performed the job responsibilities of the receptionist and, due to a shortage of CNAs, continued to perform some of her CNA duties.

26. During this time, the Plaintiff informed the former Administrator at Defendant Apple Rehab that she wanted to permanently assume the receptionist position.

27. However, the former Administrator denied the Plaintiff's request to permanently assume the receptionist position because he wanted to hire an individual with "experience."

28. Nonetheless, the Administrator required the Plaintiff to train the individual hired for the receptionist position.

29. Several weeks later, the Plaintiff was informed that a full-time secretarial position at Defendant Apple Rehab's nurses' station became available.

30. Thereafter, the Plaintiff assumed the full-time secretarial position at Defendant Apple Rehab's nurses' station.

31. In addition to the Plaintiff's new secretarial duties, she continued to perform some of her CNA duties.

32. In 2018, Defendant Apple Rehab terminated the Director of Nursing and Administrator.

33. In April, 2018, while working as a medical secretary and CNA, the Plaintiff worked shifts from 4:00 a.m. to 4:00 p.m.

34. After approximately two (2) weeks of the aforementioned schedule, the Plaintiff spoke with Nancy Cicogna, Defendant Apple Rehab's new Administrator, and told her that her work schedule was difficult and that it was beginning to have a negative impact on her health.

35. During this conversation, the Plaintiff also told Mr. Cicogna that she re-injured her back while performing her CNA duties.

36. As a result of her back injury, the Plaintiff was, once again, placed on light duty status. This included a restriction from lifting more than ten (10) pounds and physically lifting or transferring residents.

37. After the Plaintiff was placed on light duty status, Defendant Apple Rehab employees and/or agents, including, but not limited to, Sylvia Riviera, a CNA, and Laurie Noyes, Director of Nursing Staff, subjected the Plaintiff to frequent harassment, such as referring to her as "lazy," "useless" and a "useless b***h" and tell her that she just "sits on [her] fat a** at the desk and [does] nothing," and that "[she doesn't] deserve this position."

38. In addition, during CNA meetings, Defendant Apple Rehab employees and/or agents questioned why the Plaintiff could not assist on the floor with residents.

39. On June 4, 2018, the Plaintiff commenced a four (4) week medical leave of absence to care for her son.

40. Approximately two (2) weeks into her medical leave of absence, Ms. Noyes began to frequently contact the Plaintiff to inquire about her return to work.

41. Due to Ms. Noyes' frequent inquiries, the Plaintiff felt pressured to return to work on or about June 21, 2018 – approximately two (2) weeks earlier than expected.

42. After the Plaintiff returned to Defendant Apple Rehab, Ms. Noyes and other Defendant Apple Rehab employees and/or agents continued to make discriminatory comments about the Plaintiff's work restrictions and not being able to work as a CNA.

43. In mid-July, 2018, Defendant Apple Rehab employees and/or agents informed the Plaintiff that, due to being placed on light duty status for twelve (12) weeks, she would be terminated if she was unable to resume her full job responsibilities as a CNA.

44. As a result, despite the Plaintiff's light duty status, she felt pressured to perform her CNA duties, including, but not limited to, lifting and transferring residents, in order to avoid being harassed by her co-workers.

45. On several occasions, Defendants' employees and/or agents told the Plaintiff that she "did not count as a CNA."

46. In or about 2018, Defendant Apple Rehab held an "in-service" for its employees.

47. During the "in-service," employees were required to read a copy of Defendant Apple Rehab's anti-harassment policy and instructed to sign a copy of same.

48. No further training on workplace harassment was provided.

49. In November or December, 2018, Ms. Cicogna told the Plaintiff that she was not entitled to the raise that the other CNA's received because she "didn't count" as a CNA.

50. When the Plaintiff inquired about the aforementioned raise, Ms. Cicogna told her to "hush up."

51. On or about December 10, 2018, the Plaintiff reported to work.

52. During this shift, Ms. Riviera, who recently returned from a medical leave of absence, questioned loudly, "That b***h is still on the desk," in reference to the Plaintiff working the front desk.

53. In or about late 2018 or early 2019, due to staffing shortages, the Plaintiff was asked to work third shift as a CNA because the work-load is lighter on third shift than on the first and second shifts.

54. When scheduled to work as a CNA, the Plaintiff was able to assist with toileting residents, assist with the Hoyer life, and fully assist ambulatory residents. These responsibilities were not in violation of her light duty restrictions.

55. In or about late 2018 or early 2019, the Plaintiff spoke to Ms. Cicogna about her current work restrictions and performing the aforementioned CNA responsibilities.

56. During this conversation, Ms. Cicogna informed the Plaintiff that she could perform the aforementioned CNA responsibilities as long as she did not violate her light duty restriction – lifting more than ten (10) pounds and physically lifting or transferring residents.

57. At all relevant times, the Plaintiff performed CNA duties that did not violate her light duty restrictions.

58. In or about January, 2019, despite receiving permission from Ms. Cicogna to perform CNA responsibilities permitted under her light duty restrictions, the Plaintiff received a disciplinary action for performing the aforementioned CNA responsibilities.

59. That the facts of this matter clearly establish that Defendants discriminated against the Plaintiff on account of her disability in violation of the ADA, the FEPA, the CRPD, and the RICRA.

60. That Defendants subjected the Plaintiff to workplace discrimination on account that she exercised her statutory rights to a medical leave of absence pursuant to the FMLA and the RIPFMLA.

61. Defendants' actions and/or omissions are in violation of the ADA, the FEPA, the CRPD, the RICRA, the FMLA, and the RIPFMLA and were motivated by malice and ill will toward the Plaintiff, and Defendants' actions were intentional, willful, malicious, and taken with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

62. As a proximate result of Defendants' unlawful acts and/or omissions, including, but not limited to, those described herein, the Plaintiff suffered loss of income, as well as employment benefits, mental and physical anguish, pain and suffering, and loss of enjoyment of life.

### VII. Claims for Relief

63. The Plaintiff incorporate in the counts below the allegations contained in paragraphs 1-62 above.

### Count One
### Unlawful Discrimination—42 U.S.C. §12101, *et seq.*

64. Defendants, by their acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her disability and/or perceived disability in violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the ADA.

### Count Two
### Unlawful Discrimination—R.I.G.L. §28-5-1, *et seq.*

65. Defendants, by their acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her disability and/or perceived disability in violation of the Rhode Island Fair

Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby depriving the Plaintiff of rights secured under the FEPA.

### Count Three
### Unlawful Discrimination—R.I.G.L. §42-87-1, *et seq.*

66. Defendants, by their acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her disability and/or perceived disability in violation of the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby depriving the Plaintiff of rights secured under the CRPD.

### Count Four
### Unlawful Discrimination—R.I.G.L. §42-112-1, *et seq.*

67. Defendants, by its acts and/omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her disability and/or perceived disability in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby depriving the Plaintiff of rights secured under the RICRA.

### Count Five
### Violation of FMLA—29 U.S.C. §2601, *et seq.*

68. Defendants, by their acts and/or omissions, including, but not limited to, those described herein, discriminated against the Plaintiff and violated the Plaintiff's statutory rights in violation of the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the FMLA.

### Count Six
### Violation of RIPFMLA—R.I.G.L. §28-48-1, *et seq.*

69. Defendants, by their acts and/or omissions, including, but not limited to, those described herein, discriminated against the Plaintiff and violated the Plaintiff's statutory rights in

violation of the Rhode Island Parental and Family Medical Leave Act, R.I.G.L. §28-48-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the RIPFMLA.

### VIII. Prayers for Relief

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant the following relief:

1. a declaratory judgment that Defendants, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.*, the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*, the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.*, and the Rhode Island Parental and Family Medical Leave Act, R.I.G.L. §28-48-1, *et seq.*;

2. enjoining and permanently restraining Defendants from violating the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.*, the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*, the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.*, and the Rhode Island Parental and Family Medical Leave Act, R.I.G.L. §28-48-1, *et seq.*;

3. award the Plaintiff back pay, including incremental increases, pension benefits, health and dental benefits and other benefits, plus prejudgment interest thereon;

4. award the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon;

5. award the Plaintiff punitive damages;

6. award the Plaintiff liquidated damages;

6. award the Plaintiff reasonable attorney's fees and costs of litigation; and,

7. such other and further relief as the Court deems just and proper.

### IX. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

### X. Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire, Michael D. Pushee, Esquire, and Jessica A. Roberge, Esquire as trial counsel.

                                                PLAINTIFF,
                                                By her attorneys,
                                                **FORMISANO & COMPANY, P.C.**

Dated: November 19, 2020            /s/ V. Edward Formisano
                                                V. Edward Formisano (#5512)

                                                /s/ Michael D. Pushee
                                                Michael D. Pushee (#6948)

                                                /s/ Jessica A. Roberge
                                                Jessica A. Roberge (#10179)
                                                (401) 944-9691
                                                (401) 944-9695 (facsimile)
                                                edf@formisanoandcompany.com
                                                mpushee@formisanoandcompany.com
                                                jroberge@formisanoandcompany.com

### CERTIFICATION

I hereby certify that on the 19th day of November, 2020, I caused the within to be electronically filed with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/ECF System.

                                                /s/ V. Edward Formisano